UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD N. JALILI-FARSHCHI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALDERSLY, et al., <br><br> Defendants. | Case No. 3:21-cv-04727-JD <br><br> **ORDER RE MOTION TO REMAND** <br> Re: Dkt. No. 14 |

Plaintiffs, the children of decedent Shamseddin Jalili-Farshchi, have sued defendants Aldersly, a family of companies that provide retirement and elder care in residential facilities, and Cahill, a family of construction companies that Aldersly hired to renovate its facilities, on California state law claims of elder abuse, medical negligence, and other related claims, arising out of the death of Jalili-Farshchi from COVID-19. Dkt. No. 1, Exh. A. The complaint was originally filed in the Superior Court of California for the City and County of San Francisco. All of the parties reside in California. *Id*. at ECF 33-36.

Aldersly removed the case under 28 U.S.C. §§ 1331, 1441, and 1446, on the theory that the federal Public Readiness and Emergency Preparedness (PREP) Act, 42 U.S.C. § 247d-6d, which was enacted in 2005 to limit tort liability of vaccine manufacturers, creates federal question subject matter jurisdiction by completely preempting Jalili-Farshchi's state law claims. *See* Dkt. No. 1 at 3-4. Aldersly also alleged that removal was appropriate under 28 U.S.C. § 1442(a)(1) because plaintiffs sued for acts undertaken at the direction of a federal officer. *Id*. at 18.

Plaintiffs have asked to remand the case. Dkt. No. 14. The parties' familiarity with the record is assumed, and the case is remanded to the Superior Court.

# DISCUSSION

## I.     FEDERAL QUESTION REMOVAL

As in all federal cases, the foundational principle here is that the jurisdiction of the federal courts is limited to what is authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal is appropriate only when a case presents a federal question, or involves diversity of citizenship and meets the statutory amount in controversy. 28 U.S.C. §§ 1331, 1332. There is a strong presumption against removal, and the removal statute is strictly construed against finding federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubts about the propriety of removal should be resolved in favor of a remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The defendant always bears the burden of demonstrating that removal was proper. *Gaus*, 980 F.2d at 566.

### A.     Complete Preemption

Complete preemption "is actually a doctrine of jurisdiction and is not to be confused with ordinary preemption doctrine." *Moore v. Dnata US Inflight Catering LLC*, Case No. 20-cv-08028 JD, 2021 WL 3033577 at *3 (N.D. Cal. July 19, 2021) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 n.7 (9th Cir. 2000)). "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). "State law claims that are completely preempted are removable to federal court under the complete preemption corollary to the well-pleaded complaint rule," sometimes also referred to as the artful pleading doctrine. *Moore*, 2021 WL 3033577, at *3 (quoting *Garcia v. Serv. Employees Int'l Union*, 993 F.3d 757, 762 (9th Cir. 2021)); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). For a federal law to have a complete preemptive effect, "a federal statute must 'provide the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020).

Complete preemption is rare. "The Supreme Court has identified only three statutes that meet this criteria," namely § 301 of the Labor Management Relations Act, § 502(a) of the Employee Retirement Income Security Act of 1974, and §§ 85 and 86 of the National Bank Act. *Id*. at 905-06. None of these statutes is in play here.

A consensus is emerging that the PREP Act is not a fourth member of the complete preemption family. To be sure, the scope of the immunities and liability limitations in the PREP Act is broad for losses arising out of or relating to "covered countermeasures" recommended by the Secretary of Health and Human Services in response to a public health emergency. 42 U.S.C. § 247d-6d. The PREP Act also established a fund to compensate eligible individuals for covered injuries related to covered countermeasures. 42 U.S.C. § 247d-6e. But the breadth of the PREP Act does not automatically equate to a statement of complete preemption by Congress, and a number of courts have concluded that the statute is not completely preemptive of state law claims. *See, e.g.*, *Thomas v. Century Villa, Inc.*, 21-cv-3013-MCS-KS, 2021 WL 2400970 (C.D. Cal. Jun. 10, 2021); *Riggs v. Country Manor La Mesa Healthcare Center*, 21-cv-331-CAB-DEB, 2021 WL 2103017 (S.D. Cal. May 25, 2021); *Dupervil v. Alliance Health Operations, LCC*, 516 F. Supp. 3d 238 (E.D.N.Y. 2021); *Acra v. Cal. Magnolia Convalescent Hospital, Inc.*, 21-cv-898-GW-SHKx, 2021 WL 2769041 (C.D. Cal. Jul. 1, 2021); *Parker v. St. Jude Pperating Co., LLC*, 20-cv-1325-HZ, 2020 WL 8362407 (D. Or. Dec. 28, 2020).

The Court's own analysis leads to the same conclusion. A "federal statute must provide the 'exclusive cause of action' for complete pre-emption to apply." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1245 (9th Cir. 2009). The PREP Act does not do that. The plain language of the statute indicates that the compensation fund is not the basis of an exclusive federal claim, as Aldersly would have it, but simply an administrative remedy akin to similar provisions in other statutes. *See also City of Oakland*, 969 F.3d at 908 ("While the Clean Air Act allows a plaintiff to file a petition to seek judicial review of certain actions taken by the Environmental Protection Agency, it does not provide a federal claim or cause of action") (citations omitted). So too for the immunity grant in the PREP Act, the plain language of which does not vest jurisdiction exclusively in the federal courts. 42 U.S.C. § 247d-6d. Even if the PREP Act were said to have

created an exclusive federal cause of action for claims of willful misconduct, *see* 42 U.S.C. § 247d-6d(d)(1), plaintiffs have not alleged such conduct here. As a corollary to the lack of exclusive federal jurisdiction, nothing in the language of the PREP Act precludes Aldersly from asserting immunity or other statutory defenses in state court.

Overall, Aldersly has not furnished any indication that Congress intended the PREP Act to completely preempt state law claims relating to responses to the COVID-19 pandemic. Its reliance on an advisory opinion published by the Department of Health and Human Services (HHS) is misplaced. It may be that HHS has concluded that the PREP Act is a complete preemption statute. Dkt. No. 1 at 6-9 (citing HHS Advisory Opinion 21-01). But an agency's commentary is no substitute for Congress's intent as expressed in the plain language of a statute, and the Court will defer to an advisory opinion "proportional to its 'power to persuade.'" *United States v. Mead Corp.*, 533 U.S. 218, 235 (2001). The persuasive value here is sharply limited by HHS's own acknowledgment that Advisory Opinion 21-01 "does not have the force or effect of law." Dkt. No. 1-5 at ECF 71; *see also Thomas*, 2021 WL 2400970, at *5; *Dupervil*, 516 F. Supp. 3d at 252.

### B. Substantial Federal Question

That is enough to conclude that removal under the PREP Act was improvident. Aldersly's alternative suggestion that removal was proper because the complaint otherwise raises a substantial federal issue is also misdirected. *See* Dkt. No. 1 at 16. Aldersly cites *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), for the proposition that "federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 314-15).

None of that warrants removal here on federal question grounds. "Because federal jurisdiction depends solely on the plaintiff's claims for relief and not on the anticipated defenses to those claims, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption . . . ." *City of Oakland*, 969 F.3d at 903-04 (internal

4

1  quotations and citations omitted).  Plaintiffs' complaint raises only state law claims.  Interpretation
2  of federal statutes, including the PREP Act, is not an essential part of any of plaintiffs' state law
3  claims.  And Aldersly's invocation of immunity under the PREP Act is a defense to, rather than a
4  necessary component of, plaintiffs' claims, which Aldersly will not be precluded from raising in
5  state court.

6  Aldersly again relies on the HHS advisory opinion to press for a different result, with the
7  same lack of efficacy for the reasons already discussed.  The opinion did not examine whether the
8  PREP Act is necessarily raised by plaintiffs' claims in this case.  While there may be a federal
9  interest in uniform interpretations of the PREP Act, as Advisory Opinion 21-01 suggests, Dkt. No.
10 1-5 at ECF 70-71, the adjudication of plaintiffs' wrongful death and negligence claims do not
11 themselves "require resolution of a substantial question of federal law:  the claim[s] neither
12 require[] an interpretation of a federal statute, nor challenge[] a federal statute's constitutionality."
13 *City of Oakland*, 969 F.3d at 906 (citations omitted).  Consequently, no federal issue has
14 necessarily been raised, and there is no federal question jurisdiction to sustain removal.

## II.     FEDERAL OFFICER JURISDICTION

Aldersly's "federal officer" removal allegation under 28 U.S.C. § 1442(a)(1) is equally unavailing.  Aldersly says it was "sued for acts undertaken at the direction of a federal officer." Dkt. No. 1 at 18.  Section 1442 provides that a person "acting under" the direction of a federal officer may remove to federal court a civil or criminal action commenced against that person in state court.  28 U.S.C. § 1442(a)(1).  Congress adopted this provision before the Civil War to ensure that attempts by southern states to challenge federal authority would be heard in federal court.  As the plain language of Section 1442(a) indicates, it is intended to protect federal officers from interference with their official duties through state-court litigation.  *Arizona v. Manypenny*, 451 U.S. 232, 241-42 (1981).  The statute "responds to three general concerns: (1) 'State-court proceedings may reflect 'local prejudice' against unpopular federal laws or federal officials'; (2) 'States hostile to the Federal Government may impede' federal law; and (3) 'States may deprive federal officials of a federal forum in which to assert federal immunity defenses.'"  *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018) (quoting *Watson v. Philip Morris Cos.*, 551

5

U.S. 142, 150 (2007)). Section 1442 is liberally construed to address these issues, but is not limitless in scope. *Id.* (citing *Watson*, 551 U.S. at 147).

To remove under the section, Aldersly must show "that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.' " *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017) (citation omitted). Plaintiffs do not dispute that Aldersly is a person within the meaning of the statute or that Aldersly has a colorable federal defense to plaintiffs claims. Consequently, the salient questions are whether Aldersly acted at the direction of a federal officer, and whether there is a causal nexus between that and plaintiffs' claims.

Neither question may be answered in Aldersly's favor. To start, Aldersly says it responded to COVID-19 consistent with directives of the Center for Disease Control (CDC), Center for Medicare and Medicaid Services (CMS), and California Department of Public Health (CDPH). Dkt. No. 1 at 27-28. That is not enough for removal on federal officer grounds. "'[S]imply complying with the law' does not bring a private actor within the scope of the federal officer removal statute." *Fidelitad*, 904 F.3d at 1100 (quoting *Watson*, 551 U.S. at 152 (emphasis omitted)); *see also Riggs v. Airbus Helicopters, Inc.*, 939 F.3d 981, 985 (9th Cir. 2019) ("'[A]cting under' requirement is not satisfied by mere compliance with a regulation 'even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored.'") (quoting *Watson*, 551 U.S. at 153).

To illustrate further why this is so, Aldersly stands in very different shoes than the defendant in *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014), which sustained the removal by a military contractor of a state court lawsuit alleging a failure to warn about asbestos hazards in naval equipment. The defendant provided declarations by senior officers in the United States Navy stating that the Navy exercised complete control over the form and content of all warnings made by contractors, and that contractors could not include warnings unless specifically required and approved by the Navy. *Id.* at 1123. Aldersly provided no similar evidence here.

Consequently, removal on federal officer grounds was improvident. To hold otherwise on the record before the Court, or to read Section 1442(a) as broadly as Aldersly urges, would permit removal to federal court in circumstances far beyond anything Congress intended. *See Lu Junhong v. Boeing Co.*, 792 F.3d 805, 808-09 (7th Cir. 2015).

## CONCLUSION

The case remanded to the Superior Court of California for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: December 29, 2021

JAMES DONATO
United States District Judge